**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12-CV-P816-S**

**HERBERT WARD**                                                      **PLAINTIFF**

**v.**

**KENTUCKY DEPT. OF CORRECTIONS**                          **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Herbert Ward, filed a *pro se*, *in forma pauperis* complaint (DN 4) pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

At the time he filed his complaint, Plaintiff was incarcerated at the Luther Luckett Correctional Complex (LLCC).[1] He names as Defendant the Kentucky Department of Corrections (KDOC). He alleges that his mental disorder of fetishism is used to punish him resulting in his often being denied good-time credits. He states that the Sex Offender Treatment Program (SOTP) has told him that they cannot help him because he needs a psychiatrist. He alleges that he has been "neglected and denied proper/adequate mental health care since 2008."

Plaintiff further alleges that his mental disorder was a means to convict him of attempted rape, although he cannot prove this. He states that he was convicted in 1994 and argues that the 1998 statute does not apply to sex offenders convicted prior to July 15, 1998. He alleges that the 1998 statute "is used against me to punish me, hold me longer and bait me." He states that he is

---

[1] Plaintiff has notified the Court that he has been transferred to Green River Correctional Complex (GRCC).

not required to do a SOTP but when he has gone before the Parole Board he has received deferments because of not having gone through a SOTP. He states that he has been told he received too much time as a first-time offender, that his charges should have been merged, and that he should have been sent to Central State Hospital not prison. He states, "I have acquired more mental difficulties due to the mental health neglect/incompetence, prejudice, discrimination, and for more anger."

Plaintiff attaches numerous exhibits to his complaint. Plaintiff asks for injunctive relief only.[2]

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

---

[2] Plaintiff also has sent the Court several letters. In one, he informs the Court that he has found out that he is pre-diabetic. He states in that letter that diabetics do not get a medical diabetic tray. He also states in that letter that his labs have been pending and that "Frankfort" is stalling in responding to his "17.4" regarding his good-time credits. He also states that GRCC officials are denying him a job.

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*§ 1983 claims*

Plaintiff sues only the KDOC. Plaintiff's claims against the KDOC are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. State agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10. The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach. There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id.* at 757.

Plaintiff's complaint requests prospective injunctive. However, Plaintiff has not named any individuals as Defendants. Consequently, his complaint fails to state a § 1983 claim for which relief may be granted. By separate Order, the Court will dismiss his § 1983 claims.

3

*Claims relating to conviction and sentence*

Many of Plaintiff's claims have to do with his conviction and sentence. Plaintiff's claims implicating the fact and/or duration of his confinement must be brought as claims for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, dismissal of these claims is appropriate. *See King v. Moyes*, No. 2:10-cv-234, 2010 WL 4705269, at *2 (W.D. Mich. Nov. 12, 2010); *see also Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).[3]

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's complaint.

Date: June 13, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.009

---

[3] The Court notes that Plaintiff has filed a habeas corpus petition raising these issues. *Ward v. Ky. Dep't of Corrs.*, 3:13-cv-72-R.